OPINION OF THE COURT BY CHIEF JUSTICE MINTON
Kara Vance committed suicide. Miki Thompson, Administratrix of the Estate of Kara Vance, and Darby Jane Vance, by and through her guardian, Miki Thompson, sued Timothy Lavender, D.O., and Pikeville Dermatology and Cosmetic Center, P.S.C. The suit in Pike Circuit Court claims that Vance's suicide was caused by Lavender's negligent prescribing of the acne medicine, Accutane. Finding that the trial court properly ruled the records of Vance's treating family therapist in West Virginia to be discoverable as relevant and not privileged under Kentucky law, the *283 trial court and the Court of Appeals rejected Thompson's argument that West Virginia's privilege law applied to prohibit discovery of these records. We agree with the Court of Appeals and affirm its decision to deny a writ.
I. FACTUAL AND PROCEDURAL BACKGROUND.
Lavender and Pikeville Dermatology served a subpoena duces tecum, seeking production of the records and reports pertaining to Vance held by Marilyn Cassis, PhD, a family counselor, who at times relevant to this case, was Vance's therapist in West Virginia. Dr. Cassis objected to production of these records without a court order. So Lavender and Pikeville Dermatology obtained an order from the trial court compelling compliance with the subpoena. By later order, the trial court denied Thompson's motion to reconsider. Thompson then petitioned for a writ of prohibition, which the Court of Appeals denied. This appeal followed.
II. ANALYSIS.
A writ is an extraordinary remedy and is one we apply with great caution. When ruling on a writ petition, we must first determine whether issuance of a writ is an available remedy. Only if a writ is available will we then look to the merits of the petition to review the trial court's decision. The decision to issue a writ is entirely within this Court's discretion.[1] We have recognized two specific situations where this type of relief is appropriate:
[U]pon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if petition is not granted.[2]
Kentucky case law allows the issuance of a writ under the special-cases exception when the party seeking relief is claiming threatened violation of a privilege.[3] Because Thompson makes that argument here, we will address the merits of the trial court's discovery order.
Thompson asserts that the disputed family therapist records would be privileged under West Virginia law and that the Court of Appeals erred by failing to apply West Virginia law because the communications made to the therapist, as reflected in the disputed counseling records, all took place in West Virginia. This fact of the communication, Thompson argues, gives West Virginia a superior relationship with the issue. Against that argument, Lavender and Pikeville Dermatology assert that Kentucky, as the forum state, applies its own law, which provides an exception to the counselor's privilege, and permits discovery of these therapist records.
We first must engage in a conflicts of law analysis when deciding whether the trial court should apply West Virginia or Kentucky law. The Court of Appeals properly recognized that Kentucky has traditionally applied § 139(2) of the Restatement (Second) of Conflict of Laws (1971) in its conflicts analysis. In doing so, we recognize:
*284 Evidence that is privileged under the local law of the state which has the most significant relationship with the communication, but which is not privileged under the local law of the forum will be admitted unless there is some special reason why the forum policy favoring admission should not be given effect.[4]
In Saleba v. Schrand we engaged in this analysis with regard to a party wanting access to peer-reviewed materials that were privileged under Ohio law but not Kentucky law.[5] We recognized that Ohio, the state where the medical tests were done and where the peer-reviewed materials were located, had a more significant relationship to the desired materials, but stated in accordance with the Restatement, that the evidence should "be admitted unless there is some special reason why the forum policy favoring admission should not be given effect."[6]
Pertinent to the case before us, Kentucky Rule of Evidence (KRE) 506(d) creates a privilege exception in a proceeding in which, after the patient's death, any party relies upon the patient's condition as an element of a claim or defense. This case puts Vance's mental health squarely at issue, and access to the counseling records is critical in developing a full record for trial.
Lastly, Thompson argues that the trial court erred by not conducting an in-camera review of the counseling records before ordering they be disclosed. The decision to conduct an in-camera review is made at the discretion of the trial court.[7] The Court of Appeals points out that the subpoena, which was drafted and served by Lavender and Pikeville Dermatology, only requested "a copy of medical records and related reports pertaining to Kara Vance...." Thompson argues that allowing this discovery would inappropriately allow the requesters to view the counseling records of Vance's former husband and mother-in-law, since they also participated in the counseling sessions. This may be a valid concern, but the trial court's order requires all non-parties affected by the order of disclosure to be given notice of the disclosure, allowing them the opportunity to seek a protective order or assert other interests. Accordingly, we cannot say the trial court abused its discretion.
III. CONCLUSION.
The ruling of the Court of Appeals is affirmed.
All sitting.
All concur.

Hoskins v. Maricle, 150 S.W.3d 1, 5 (Ky. 2004) (citations omitted).

Id. at 10.

See Com., Cabinet for Health and Family Services v. Chauvin, 316 S.W.3d 279 (Ky. 2010).

§ 139(2) Restatement (Second) of Conflict of Laws (1971).

Saleba v. Schrand, 300 S.W.3d 177, 182-83 (Ky. 2009).

Id. at 182.

Stidham v. Clark, 74 S.W.3d 719, 727 (Ky. 2002).